IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TOMMIEL QUENPONTA CLAIBORNE,**                                                    **PLAINTIFF**
**# 191617**

**VERSUS**                                                    **CIVIL ACTION NO. 5:15cv118-DCB-MTP**

**WARDEN BRADLEY and MRS. DIXON**                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING WARDEN BRADLEY

This matter is before the Court, *sua sponte*, for consideration of dismissal.  *Pro se* Plaintiff Tommiel Quenponta Claiborne is incarcerated with the Mississippi Department of Corrections.  He brings this action, pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement.  The Court has considered and liberally construed the pleadings.  As set forth below, the Court holds that Defendant Warden Bradley should be dismissed.  The case shall proceed against Defendant Mrs. Dixon.

### BACKGROUND

On December 7, 2015, Plaintiff filed the instant action.  While he is currently housed at the East Mississippi Correctional Facility, he complains about his prior confinement at the Wilkinson County Correctional Facility.  Defendants Warden Bradley and Mrs. Dixon are both employed at that prison.

Plaintiff alleges that, when he first arrived at Wilkinson County, Dixon intentionally denied him a mattress, even though all the other prisoners had one.  Because of this Plaintiff claims he was forced to sleep on an iron rack, which hurt his back.  Plaintiff contends that he kept asking for a mat but did not receive one until four days later.

Plaintiff contends that Dixon thus violated his Eighth Amendment right to be free from

cruel and unusual punishment and his Fourteenth Amendment right to equal protection.  Plaintiff also brings these claims against Warden Bradley, because "he was the emplo[y]er of the person that violated my civil rights."  (Pl.'s 2d Aff.).

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  The statute reads, in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Plaintiff to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Warden Bradley is sued under § 1983 based solely on his role as Mrs. Dixon's supervisor.  "There is no vicarious or *respondeat superior* liability of supervisors under section 1983."  *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006).  The supervisor must either be personally involved in the violation or otherwise have caused the violation.  *Id.*  Plaintiff

confines his claim against Bradley to vicarious liability and does not allege that he caused the violation. Therefore, Plaintiff fails to state a claim against Bradley under § 1983.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, Defendant Warden Bradley should be, and is hereby, dismissed with prejudice for failure to state a claim. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The remainder of the case shall proceed.

So ordered and adjudged, this the 16th day of February, 2016.

        s/David Bramlette
        UNITED STATES DISTRICT JUDGE