IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TOMMIEL QUENPONTA CLAIBORNE**                                           **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 5:15cv118-MTP**

**MRS. DIXON**                                                            **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Newly Discovered Evidence and Discovery to be Accessed [34]. The Court construes this as a motion for reconsideration of the Final Judgment [33] entered in this case and as a motion for further discovery. Having considered the Motion, the Court finds that it should be denied.

On December 7, 2015, Plaintiff Tommiel Quenponta Claiborne, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Plaintiff is currently housed as an inmate at East Mississippi Correctional Facility ("EMCF"). In his complaint and as clarified in his testimony at the *Spears* hearing,[1] Plaintiff asserted claims against Defendant Dixon relating to not receiving a mattress within he first few days of his stay at WCCF. He claims a lack of a mattress injured his back.

On August 15, 2015, Defendant filed a Motion for Summary Judgment [29]. On September 28, 2016, the Court granted Defendant's Motion for Summary Judgment and entered a final judgment, dismissing this action with prejudice. *See* Opinion and Order [32]; Final Judgment [33].

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

On December 23, 2016, Plaintiff filed the instant Motion for Newly Discovered Evidence and Discovery to be Accessed [34], arguing that the Court should allow further discovery of medical records from the prison, EMCF, where he is currently housed because these medical records will show that his injury is not *de minimus*.

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff has failed to show that any of the aforementioned grounds for relief from judgment exist, and he does not explain why he never requested these documents while his case was pending. The record demonstrates that Plaintiff was given an opportunity to conduct discovery. On May 2, 2016, the Court set an omnibus hearing in this case and ordered the parties to be prepared to discuss and identify any and all discovery requests or issues at the hearing. *See* Order [20]. At the omnibus hearing held on April 5, 2016, the Court considered discovery issues and ordered the parties to produce documents and information which included Plaintiff's medical records from WCCF. *See* Omnibus Order [23]. The Court also explained as follows:

> The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

       burden or expense of the proposed discovery outweighs its likely benefits. See
       Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery
       requests unless leave of court is requested and obtained.

*Id*. at 3

      Thereafter, Plaintiff did not seek leave of court to propound additional discovery to try to obtain other medical records from EMCF. Plaintiffs now seeks these medical records months after his case was dismissed. Plaintiff has not shown that these medical records from EMCF are "newly discovered evidence that, with reasonable diligence, could not have been discovered" while the case was pending. The record reflects that Plaintiff has been in custody at EMCF the entire pendency of this case.

      Additionally, Plaintiff has not established that further discovery would be likely to produce any facts that would establish a genuine issue of material fact as to any of his claims. *See Aguirre v. Nueces County, Tex.*, 217 Fed. App'x. 348, 349-50 (5th Cir. 2007). The discovery Plaintiff seeks is to show that his injury was not *de minimis*. The Court did not rule that Plaintiff's alleged injury was *de minimis*, but ruled that Plaintiff did not come forward with any evidence to show that Dixon was deliberately indifferent or meant to cause him harm or knew that there may be excessive risk to his health or safety. Thus any new evidence based on the severity of Plaintiff's alleged injury would not change the outcome of the Court's summary judgment ruling.

      IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Newly Discovered Evidence and Discovery to be Accessed [34] is DENIED.

      SO ORDERED this the 17th day of January, 2017.

                                                    s/Michael T. Parker
                                                    UNITED STATES MAGISTRATE JUDGE